USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 98-1321

 UNITED STATES,

 Plaintiff, Appellee,

 v.

 JOSE R. HERNANDEZ-RODRIGUEZ,

 Defendant, Appellant.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,
 Selya and Stahl, Circuit Judges.

 ____________________

 Teodoro Mendez Lebron on brief for appellant.

 ____________________

 April 22, 1998
 ____________________

 Per Curiam. Upon independent review of the portions of
 the appellate record provided to us, and with due deference to
 the district court's findings of fact, see United States v.
 Tortora, 922 F.2d 880, 882 (1st Cir. 1990), we conclude that
 the pre-trial detention order should not be disturbed. 
 Specifically, it appears that the government sustained
 its burden to prove by a preponderance of the evidence that
 defendant poses such a substantial flight risk that no
 conditions will reasonably assure his appearance at trial. SeeUnited States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991). 
 Defendant's rebuttal evidence, including his family and
 community ties, must be weighed along with the presumption
 arising under 18 U.S.C. 3142(e) and the other factors listed
 in 3142(g). In our view, that rebuttal evidence did not
 outweigh the statutory presumption, the information regarding
 defendant's role in importing an exceptionally large quantity
 of drugs, and the risk that defendant will flee to avoid a long
 term of imprisonment. See United States v. Palmer-Contreras,
 835 F.2d 15, 18 (1st Cir. 1987). The district court was not
 required to give that rebuttal evidence more weight or to
 explain further its rejection of the proposed conditions of
 release. Accordingly, we do not conclude that the district
 court should have reached a different result. See Tortora, 922
 F.2d at 883.
 Because we conclude that the detention was justified based
 on risk of flight, we need not consider whether it also was
 justified based on dangerousness. See Dillon, 938 F.2d at
 1417.
 We also reject defendant's argument that he is entitled to
 release due to the district court's delay in ruling on his
 motion. See United States v. Montalvo-Murillo, 495 U.S. 711,
 716-17 (1990) ("Neither the timing requirements nor any other
 part of the [Bail Reform] Act can be read to require, or even
 suggest, that a timing error must result in release of a person
 who should otherwise be detained."). 
 Affirmed. See 1st Cir. Loc. R. 27.1.